# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1895 | **DATE** | 9/12/2012 |
| **CASE TITLE** | Ellis vs. County Club Hills, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court respectfully denies Plaintiff's requests for bill of costs and attorneys' fees [137]. However, court-appointed counsel may submit a request for reimbursement of expenses pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases on or before 10/13/2012.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

After a four-day trial, a jury returned a verdict in favor of Plaintiff Bernard Ellis and against Defendant Edward McKinney as to Plaintiff's only claim, an excessive force claim brought under 42 U.S.C. § 1983. The jury awarded Ellis $1 in compensatory damages for his claim, but did not award any punitive damages. At the same time, the jury returned a verdict in favor of the other Defendant, William Jones, on Ellis' excessive force claim. Pending before the Court are two separate requests by Plaintiff seeking compensation based upon the result of the trial in this case: (i) "costs" pursuant to Rule 54 of the Federal Rules of Civil Procedure, and (ii) attorneys fees pursuant to 42 U.S.C. § 1988. For the reasons set forth below, Plaintiff's requests are denied. However, court-appointed counsel may submit a request for reimbursement of expenses pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases on or before 10/13/2012.

**I.      Bill of Costs**

Plaintiff seeks reimbursement for a total of $2,223.56 in costs. Defendants contend that the request should be denied because Plaintiff's submission is deficient under the applicable rules and because, in a case with a mixed result, each side should be required to bear its own costs.

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). Typically, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two

inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007).

Before the Court can award costs under Rule 54(d), it must determine who "prevailed" in the lawsuit. "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. of Elec. Workers,* 573 F.3d 523, 525 (7th Cir. 2009) (per curiam); see also *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 641 (7th Cir. 1991). "When one party gets substantial relief it 'prevails' even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.,* 164 F.3d 1065, 1068 (7th Cir. 1999). The "determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." *Republic Tobacco,* 481 F.3d at 446.

Here, the jury's verdict was mixed. See *Gavoni v. Dobbs House, Inc.,* 164 F.3d 1071, 1075 (7th Cir. 1999) ("courts have especially broad discretion to award or deny costs in mixed result cases, including cases in which liability was established but recovery was nominal relative to what was sought.") (internal citation omitted). The jury concluded that one of two Defendants used excessive force, but only awarded Plaintiff $1 in compensatory damages. Numerous courts in this Circuit have addressed the appropriate exercise of their discretion with respect to awards of costs in such "mixed result" cases. In *Testa v. Mundelein*, 89 F.3d 443 (7th Cir. 1996), where the plaintiff lost before the jury with respect to his § 1983 false arrest claim, but received a $1,500 verdict on his state law malicious prosecution claim, the district judge ordered all parties to bear their own costs. *Testa*, 89 F.3d at 444. The Court of Appeals affirmed, noting the "wide discretion" enjoyed by district judges in deciding to award reasonable costs. *Testa*, 89 F.3d at 447; see also *Gavoni*, 164 F.3d at 1075; *Gonzalez v. City of Elgin*, 2010 WL 4636638, at *2 (N.D.Ill. November 8, 2010) (declining to award costs where a jury concluded that three of seven individually named defendants were guilty of violating two of six plaintiffs' constitutional and state law rights and a total of $35,000 in compensatory and $18,500 in punitive damages were awarded to the two plaintiffs who prevailed).

If the results in the above-cited cases constituted a "split"/mixed result verdict, the factual circumstances here – summary judgment for the City, not guilty as to one police officer, and a nominal damages award ($1) against the other – present an even stronger case for the Court to conclude that this was a "mixed" result case. Under these circumstances, neither Defendants nor Plaintiff prevailed as to a "substantial" part of the litigation. As such, the Court concludes that the appropriate disposition of the costs issues in this case is that the parties must bear their own costs. See *Testa,* 89 F.3d at 447; *Gonzalez*, 2010 WL 4636638, at *2.

At the same time, the Court recognizes that counsel for Plaintiff was recruited to serve as pro bono counsel in this case (by Judge Shadur, prior to the transfer of the case to the undersigned judge's docket)**.** In recognition of (1) counsel's considerable efforts in the case and (2) the pendency of the request for costs and attorneys' fees since the entry of judgment in this case, the Court, on its own motion, finds good cause to extend the period for pro bono counsel to file a request for reimbursement of expenses from the District Court Fund until 10/13/2012. See Local Rule 83.40; see also Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases, D.C.F. Reg. 3B.

**II.    Attorneys' Fees**

In order to entice competent attorneys to prosecute civil rights cases, Congress enacted 42 U.S.C. § 1988, pursuant to which a "prevailing party" in a § 1983 action is entitled to "reasonable" attorneys' fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Under the Supreme Court's self-termed "generous formulation" of the phrase, a civil rights plaintiff is considered to be a "prevailing party" if he or she succeeds on "any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (citing *Hensley*, 461 U.S. at 429); see also *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989). The Supreme Court elaborated on the definition of prevailing party in three cases in the late 1980s, and then synthesized those rulings in *Farrar v. Hobby*. See *Hewitt v. Helms,* 482 U.S. 755, 761 (1987) (observing that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail" and requiring the plaintiff to prove "the settling of some dispute which affects the behavior of the defendant towards the plaintiff"); *Rhodes v. Stewart,* 488 U.S. 1, 3 (1988) (explained that "nothing in [*Hewitt*] suggested that the entry of [a declaratory] judgment in a party's favor automatically renders that party prevailing under § 1988" and reaffirming that a judgment—declaratory or otherwise—"will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff"); *Texas State Teachers Assn.,* 489 U.S. at 792 (emphasizing that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties"). In *Farrar*, the Supreme Court summed it up by stating that a plaintiff "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 506 U.S. at 111-12.

Here, Plaintiff "prevailed" on his one claim as to one Defendant and was awarded $1. The Seventh Circuit has stated that a plaintiff "achieves 'prevailing party' status by recovering any judgment, even for nominal damages." *Johnson v. Daley*, 339 F.3d 582, 587 (7th Cir. 2003). Also, a plaintiff need not succeed on all of his claims in order to "prevail." *Hensley*, 461 U.S. at 434. After the Supreme Court's decision in *Farrar* and the Seventh Circuit's decision in *Johnson*, there really is no dispute that a plaintiff who receives a nominal damage award for a § 1983 excessive force claim is a "prevailing party" within the meaning of § 1988. *Farrar*, 506 U.S. at 112. Thus, based on explicit guidance from the Seventh Circuit, Plaintiff has achieved "prevailing party" status by recovering $1 against Defendant McKinney.

Although the "technical" nature of a nominal damages award does not alter Plaintiff's status as a prevailing party, it does bear on the propriety of any potential fees to be awarded pursuant to § 1988. *Farrar*, 506 U.S. at 114. The Court now turns to what amount, if any, is reasonable under the circumstances. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court has no basis for taking issue either with the hours that counsel reports having spent on the case or counsel's hourly rate; both seem well within the appropriate range for a case of this kind.

However, if a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. Partial or limited success cases fall into one of two categories. The first category involves cases where the plaintiff's claims are based on different facts and legal theories, while the second category involves cases where plaintiff's claims involve a common core of facts or are based on related legal theories. See *Bryant v. City of* Chicago, 200 F.3d 1092, 1101 (7th Cir. 2000). In cases involving the second category, "the focus in arriving at the appropriate fee award should be on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* The present case falls within the second category. In such a case, the three-part test from Justice O'Connor's concurrence in *Farrar* serves as a useful guide in determining

| STATEMENT |
|---|

"whether a 'prevailing party' who receives only nominal damages is entitled to attorneys' fees under 42 U.S.C. § 1988." *Briggs,* 93 F.3d at 361. "The three factors are: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which plaintiff prevailed; and (3) the public purpose of the litigation." *Id.*; see also *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999).

In *Farrar*, the Court noted that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115 (internal citations omitted); see also *Hyde v. Small*, 123 F.3d 583, 584 (7th Cir. 1997) ("[T]he reasonable fee is sometimes zero."). "It is especially likely to be zero in a case in which the plaintiff obtains only nominal damages (nowadays $1) * * * unless the case established an important precedent, decreed declaratory or injunctive relief, or otherwise conferred substantial benefits not measured by the amount of damages awarded." *Hyde*, 123 F.3d at 584. In other words, in order for a plaintiff who recovers only nominal damages to receive fees under § 1988, that plaintiff must demonstrate some manner in which the litigation succeeded, in addition to obtaining the nominal damage award.

As previously indicated, the results in this case were mixed. With respect to Plaintiff's only claim (excessive force), the jury found in favor of Plaintiff and against Defendant McKinney and awarded Plaintiff $1, but also found in favor of Defendant Jones and against Plaintiff on that same claim. The nominal damages award of $1 in this case provided Plaintiff with a small measure of moral satisfaction in "knowing that a federal [jury] concluded that his rights had been violated" by one of the individual defendant police officers, but nothing more. *Farrar*, 506 U.S. at 114. But one reason why the jury may have awarded only nominal damages is that Plaintiff did not present any evidence of economic damages suffered as a result of Defendants' conduct.

In *Hyde v. Small*, the Seventh Circuit vacated a district court's refusal to award attorneys' fees and instructed the trial court to determine whether Plaintiff was "aiming high and fell far short, in the process of inflicting heavy costs on his opponent and wasting the time of the court, or whether * * * the case was simply a small claim and was tried accordingly." 123 F.3d at 585. This case is a classic example of a plaintiff aiming high and falling well short. In the final pretrial order, Plaintiff indicated that he would "seek up to $1,000,000 for the violation of his civil rights, physical injury, including permanent scarring on his arm, and mental emotional injury." [104 at 2.] At some point prior to trial, Plaintiff made a settlement demand of $300,000, to which Defendants did not respond. During trial, Plaintiff's counsel approached defense counsel with a $75,000 demand, which, according to defense counsel, was not feasible given that Defendants had expended over $100,000 in litigating this matter. Plaintiff then requested $300,000 from the jury during closing arguments, to which the jury responded by giving him $1. From a practical standpoint, Plaintiff's demands and his eventual award were distinctly at odds with one another, and the "$1 [he received was] the equivalent of losing." *Hyde*, 123 F.3d at 585. Thus, the first factor–the difference between the judgment recovered and the recovery sought–weighs heavily in favor of not awarding attorneys' fees.

Consideration of the other two factors does not materially change the calculus. The second factor, the significance of the legal issue on which plaintiff prevailed, evaluates the extent to which Plaintiff succeeded on his claims and, according to the Seventh Circuit, is the least significant of the three. *Briggs,* 93 F.3d at 361. Plaintiff succeeded on one claim against one Defendant and that success weighs modestly in his favor; however, given the $1 fee award, Plaintiffs' moderate success fails to do much more than qualify him as a "prevailing party" in the fees' analysis. The third factor measures whether Plaintiff established anything more than that his constitutional rights were violated. *Id.* Plaintiff argues that his victory was not solely personal, but rather that it also contributes to the deterrence of future civil rights violations. See *Hyde*, 123 F.3d at 585; see also *City of Riverside v. Rivera,* 477 U.S. 561, 574 (1986) ("a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms"); *Edwards v. Rogowski,* 2009 WL 742871,

| STATEMENT |
|---|

at *2 (N.D.Ill. Mar. 18, 2009) ("The legal issues on which the plaintiffs prevailed were indeed significant * * * by recovering damages, Edwards contributed to the deterrence of future civil rights violations."). However, moral satisfaction does not appear to be why this lawsuit was filed. Plaintiff's demands in settlement prior to trial were always in the multiple hundreds of thousands ($75,000 once trial was underway), and Plaintiff requested $300,000 plus an award of punitive damages from the jury. Furthermore, Plaintiff did not obtain an injunction nor did he establish that Defendants' conduct warranted punitive damages. And this case did not establish a significant precedent but instead involved the application of somewhat common facts to established precedent.

Neither the second or third factor offsets the fact that Plaintiff fell far short of his goal in bringing this lawsuit enough to tip the balance in favor of a fee award. See also *Aponte v. City of Chicago*, 2012 WL 3627335, at *4 (N.D. Ill. Aug. 20, 2012) (declining to award fees in § 1983 case after the plaintiff asked the jury for $125,000 in damages against four individual defendants and plaintiff received $100 against one defendant). Thus, the Court concludes that the reasonable fee under these circumstances is $0.